# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GERARDO MEJIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-1288-R |
| | ) |
| GARFIELD COUNTY JAIL et al., | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff Gerardo Mejia, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636. For the reasons set forth below, the undersigned recommends that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. Nos. 6, 8) be DENIED.

Mr. Mejia filed this action on December 5, 2013 (Doc. No. 1). On December 10, 2013, the undersigned ordered Mr. Mejia to either pay the $400.00 filing fee or file a motion for leave to proceed *in forma pauperis*. Order, Doc. No. 5, at 2. On December 23, 2013, Mr. Mejia filed an application to proceed *in forma pauperis* (Doc. No. 6), but his application was deficient due to missing or inconsistent information. Mr. Mejia's certified Statement of Institutional Accounts indicated that he had $0.00 in his prisoner account(s). *Id.* at 3-4. In the application, Mr. Mejia stated that he owned cash, but when

asked to specify the amount wrote, "I don't know."  Pl.'s First Mot. for Leave to Proceed *In Forma Pauperis*, Doc. No. 6, at 2 ¶ 7.

As a result, on December 31, 2013, Mr. Mejia was ordered to cure this deficiency.  Order, Doc. No. 7, at 2.  Mr. Mejia was instructed to submit – by January 21, 2014 – "an updated *in forma pauperis* application that includes either a statement of the amount of cash he has or why he is unable to provide such information."  *Id.*  Mr. Mejia was advised that "[f]ailure to comply with [the] Order may result in the dismissal of this action."  *Id*.

On January 10, 2014, Mr. Mejia submitted a second *in forma pauperis* application.  Pl.'s Second Mot. for Leave to Proceed *In Forma Pauperis*, Doc. No. 8.  The application submitted appears to be a photocopy of Mr. Mejia's original application.  In the second application, Mr. Mejia makes a slight change to how he answered a question (Question 6), but not the one concerning the amount of cash that he has (Question 7).  *Cf.* Pl.'s Second Mot. for Leave to Proceed In Forma Pauperis at 2 ¶¶ 6, 7, *with* Pl.'s First Mot. for Leave to Proceed In Forma Pauperis at 2 ¶¶ 6, 7.[1]

The Court emphasizes substance over form in considering *in forma pauperis* applications, but ultimately the burden is on the applicant – in this case, Mr. Mejia – to show that he cannot prepay the filing fee.  *See* LCvR 3.3(a) (requiring *in forma pauperis*

---

[1] For Question Six, Mr. Mejia answered – in both applications – that he had not received money from various listed sources within the past twelve months.  *See* Pl.'s First Mot. for Leave to Proceed *In Forma Pauperis* at 2 ¶ 6; Pl.'s Second Mot. for Leave to Proceed *In Forma Pauperis* at 2 ¶ 6.  In his initial application, Mr. Mejia originally had marked "YES" when asked if he had received money from "other sources," then in handwriting revised his response to mark "NO."  *See* Pl.'s First Mot. for Leave to Proceed *In Forma Pauperis* at 2 ¶ 6(f).  In his second application, Mr. Mejia still answered "NO," but modified the markings to further clarify that he was answering "NO."  *See* Pl.'s Second Mot. for Leave to Proceed *In Forma Pauperis* at 2 ¶ 6.  This is the only apparent difference between the two documents.

applicant to provide financial information, including the amount of any cash owned, whether in a prisoner or personal account); 28 U.S.C. § 1915(a)(1) (requiring *in forma pauperis* applicant to "submit[] an affidavit that includes a statement of all assets"). Following his initial failure to provide the required information, Mr. Mejia was told, by written Order on December 31st, what information was missing from his application and given a second chance to provide that information. Order, Doc. No. 7, at 2. He has failed to do so and failed to provide any explanation as to why he might not be able to do so.

As it stands, the record reflects two applications in which Mr. Mejia states that he owns cash but does not know the amount. Mr. Mejia has neither complied with the undersigned's December 31st Order, nor requested an extension of time to comply. Because Mr. Mejia has failed to provide the required information, the undersigned cannot assess whether Mr. Mejia qualifies for pauper status.

RECOMMENDATION

For the reasons set forth above, the undersigned recommends that:

(1) Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. Nos. 6, 8) be DENIED; and

(2) Pursuant to LCvR 3.3(e), Plaintiff's Complaint be DISMISSED without prejudice to refiling, <u>unless</u> Plaintiff – within 21 days of any order adopting this Report and Recommendation – either

    (a) pays the required $400.00 filing fee, <u>OR</u>

(b) submits a new Motion for Leave to Proceed *In Forma Pauperis* that contains <u>ALL</u> of the information required on the application form.[2]

The undersigned directs the Clerk of Court to provide to Mr. Mejia another copy of this Court's *in forma pauperis* application form, along with this Report and Recommendation.

NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 21, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 31st day of January, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE

---

[2] To repeat for Mr. Mejia's benefit: any new *in forma pauperis* application by him must include either (1) a statement of the amount of cash he has, or (2) a statement explaining why he is unable to provide such information.